# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN M. FOURNIER,<br>          Plaintiff,<br><br>v.<br><br>GOVERNOR CHARLIE BAKER,<br>          Defendant. | CIVIL ACTION<br>NO. 17-40038-DHH |

## ORDER

**February 20, 2018**

Hennessy, M.J.

This matter comes before the Court on Defendant Governor Baker's motion to dismiss. (Docket #14). Pro se plaintiff Kevin M. Fournier has filed an opposition to the motion. (Dockets #16, 19). This matter is now ripe for adjudication. For the reasons that follow, the motion to dismiss (Docket #14) is ALLOWED.

I.    STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Phelps v. Local 0222, No. 09-11218-JLT, 2010 U.S. Dist. LEXIS 88007, at *13 (D. Mass. Aug. 20, 2010) (quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002)). In addition, the pleadings must afford the defendants "a meaningful opportunity to mount a defense." Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 123 (1st Cir. 2004) (quotation

omitted). At a minimum, "the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why – although why, when why means the actor's state of mind, can be averred generally." Educadores Puertorriquenos En Accion v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004). While the "First Circuit holds a pro se litigant to a standard of pleading less stringent than that for lawyers," "this cannot be taken to mean that pro se complaints are held to no standard at all." Green v. Massachusetts, 108 F.R.D. 217, 218 (D. Mass. 1985).

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007). "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

To survive a motion to dismiss, a plaintiff must "state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 556). Despite this generous standard, "Rule 12(b)(6) is not entirely a toothless tiger . . . [t]he threshold for stating a claim may be low, but it is real." Dartmouth Rev. v. Dartmouth Coll., 889 F.2d 13, 16 (1st Cir. 1989) (quotation omitted). The complaint must therefore "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988); see DM Research, Inc. v. Coll. Of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (explaining that the complaint must "allege a factual predicate concrete enough to warrant further proceedings").

Although the complaint need not provide "detailed factual allegations," Twombly, 550 U.S. at 555, it must "amplify a claim with some factual allegations . . . to render the claim plausible," Iqbal v. Hasty, 490 F.3d 143, 157–58 (2d Cir. 2007). Thus, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). Dismissal is appropriate if a plaintiff's well-pleaded facts do not "possess enough heft to show that [the] plaintiff is entitled to relief." Ruiz Rivera v. Pfizer Pharms., LLC, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

II. ANALYSIS

In his complaint, Fournier alleges claims of medical malpractice, improper surveillance, and defamation. (Docket #3). In the caption of his complaint, he names as the defendant the

"U.S. Government." (Id. at 1). Underneath the caption, it states: "attention: Governor Charlie Baker." (Id.). On the sixth page of his complaint, Fournier writes the caption as "Defendant(s) = Governor Charlie Baker" and underneath that line "United States Government." (Id. at 6). None of the allegations in the complaint identifies or refers to Governor Baker. (See id.). Instead they refer to the actions of the "United States Government," or, in one case, "The Government." (See id.).

Governor Baker now moves to dismiss this action arguing that Fournier had failed to make any factual allegations against him. (Docket #15 at 1). In his opposition to the motion, Fournier states that he "repeatedly used the term Government as a pronoun to take place of the noun Charlie Baker." (Docket #19 at 1-2). He submits the same in his Motion to alter or amend.[1] (Docket #16). However, it is clear that the Government to which he refers is the United States Government, an entity which Governor Baker, the Governor of the Commonwealth of Massachusetts, does not represent. See https://www.mass.gov/service-details/governor-charlie-baker. Thus, Fournier has failed to offer factual allegations sufficient to raise a right to relief against Governor Baker above the speculative level, and, therefore, the complaint must be dismissed. See Twombly, 550 U.S. at 555.

---

[1] While styled as a "motion to alter or amend," the document seeks no relief, and, instead, merely states that the term "Government" is used as a pronoun to replace Governor Baker's name. (Docket #16).

III.     CONCLUSION

For the foregoing reasons, I ORDER that the Motion to Dismiss (Docket #14) be ALLOWED WITHOUT PREJUDICE. Having dismissed the complaint without prejudice, I also hereby ORDER that the Motions to Appoint Counsel (Dockets #13, 18), the Motion for Leave to Proceed in forma pauperis (Docket #17), and the Motion to Schedule a Pretrial Conference (Docket #20) are hereby DISMISSED AS MOOT.

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE